**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAI YAN ZHANG, | No. 09-71453 |
| Petitioner, | |
| v. | Agency No. A075-123-763 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before:     FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

Hai Yan Zhang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision ordering her removed. We have jurisdiction

under 8 U.S.C. § 1252. We review de novo claims of due process violations.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

*Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006).  We grant the

petition for review and remand.

The BIA may violate an alien's due process rights on appeal if it fails to

consider relevant evidence.  *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095 (9th

Cir. 2000).  The record does not reflect that the BIA or IJ considered evidence

submitted by Zhang that her U.S. citizen children would suffer hardship if she were

removed to China because, as U.S. citizens, they would not be able to legally

reside in China with her without regularly obtaining visas.  Moreover, Zhang has

established prejudice because consideration of this evidence may have affected the

outcome of the proceedings.  *See Colmenar v. INS*, 210 F.3d 967, 972 (9th Cir.

2000).  We therefore remand to allow the BIA to consider this evidence.

**PETITION FOR REVIEW GRANTED; REMANDED.**

09-71453